DUNHAM CONSTRUCTION COMPANY, A CORPORATION, RESPONDENT, v. CITY OF WEBSTER GROVES, MISSOURI, A CORPORATION, APPELLANT. —84 S. W. (2d) 183.

St. Louis Court of Appeals. Opinion filed July 2, 1935.

Rehearing Denied July 16, 1935.

*John A. Nolan* for respondent.

*Alva C. Trueblood* for appellant.

SUTTON, C.—This is an action to recover of the defendant, City of Webster Groves, the sum of $3000 and interest.

Defendant is a city of the third class. In June, 1931, the city council passed an ordinance providing for an election to vote on a proposition to issue bonds for the erection of a city hall. The election was held pursuant to the ordinance, and the issuance of bonds was authorized. The bonds were duly issued, and an annual tax was provided by ordinance sufficient to pay the interest on the bonds and provide a sinking fund for their payment at maturity. The city council advertised for two weeks in the Webster News Times, a newspaper published in said city, that it would, on October 30, 1931, receive bids for the construction of the city hall. The advertisement contained the following clause: "All bids shall be accompanied by certified check for $3000 to guarantee that the bidder, if successful, will enter into a proper contract for the performance of the work, and will give bond as may be required." Pursuant to such advertisement, bids were received from twenty-five contractors. The plaintiff's bid, in the sum of $52,700, being the lowest and best bid, the contract was awarded to it. The city council passed an ordinance authorizing the making of a contract with the plaintiff in accordance with its bid. Plaintiff declined to enter into a contract as required by its bid. Thereupon, the ordinance authorizing such contract was repealed, and the contract was relet to another bidder for $56,720, or $4020 in excess of plaintiff's bid, and the building was erected under the latter contract. Plaintiff requested the return of the $3000 deposited with its bid, but the request was refused, and plaintiff now sues to recover this amount. Defendant offered to prove that plaintiff's refusal was based on its inability to give bond, but this offer of proof was rejected by the court.

The trial, which was had before the court, without a jury, resulted in a finding and judgment for plaintiff for $3180, and defendant appeals.

Plaintiff rests its case on the theory that the contract tendered to the plaintiff by defendants was invalid, for the reason that no advertisement for bids was made under the provisions of section 13745, Revised Statutes 1929, Mo. St. Ann., Sec. 13745, p. 6519, as follows:

"No contract shall be made by an officer of this State or any board or organization existing under the laws of this State or under the charter, laws or ordinances of any political subdivision thereof, having the expenditure of public funds or moneys provided by appropriation from this State in whole or in part, or raised in whole or in part by taxation under the laws of this State, or of any political subdivision thereof containing 500,000 inhabitants or over, for the erection or construction of any building, improvement, alteration or repair, the total cost of which shall exceed the sum of ten thousand

dollars, until public bids therefor are requested or solicited by advertising for ten days in one paper in the county in which the work is located; and if the cost of the work contemplated shall exceed thirty-five thousand dollars, the same shall be advertised for ten days in the county paper of the county in which the work is located, and in addition thereto shall also be advertised for ten days in two daily papers of the State having not less than fifty thousand daily circulation; and in no case shall any contract be awarded when the amount appropriated for same is not sufficient to entirely complete the work ready for service.''

This statute was first enacted in 1909, and is found at page 346 of the Session Laws of that year. The title to the statute as enacted in 1909, is as follows:

''An act to amend chapter 10 of the Revised Statutes of Missouri, 1899, relating to and entitled 'Contracts and promises,' by adding two (2) new sections thereto, to be known as sections 899a and 899b, providing that no officer of this State or any board or organization existing under the laws of this State or any political subdivision thereof containing 500,000 inhabitants or over, shall contract for the erection or construction of any building, improvement, alteration or repair to cost more than ten thousand dollars ($10,000), until public bids are requested or solicited therefor and repealing all acts or parts of acts inconsistent herewith.''

St. Louis is the only city in the State now containing 500,000 inhabitants or over.

Plaintiff takes the view that the statute is applicable to all boards or organizations in this State having the expenditure of public funds. or money, including the legislative boards or councils of all cities, towns, and villages, in the State, regardless of population; whereas defendant contends that it is applicable only to administrative boards or organizations existing under the laws of this State or under the laws of any city containing 500,000 inhabitants or over.

There can be no doubt that the statute by express mention includes any municipality containing 500,000 inhabitants or over, and thus by implication excludes all the rest. *Expressio unius est exclusio alterius.*

If, as plaintiff contends, it was the intention of the Legislature to include within the operation of the statute all municipalities, regardless of their population, along with the City of St. Louis, then the qualifying phrase, ''containing 500,000 inhabitants or more,'' could have no place and could serve no purpose whatever in the statute, and such phrase, which the Legislature with evident pains employed in both the body and the title of the statute, would have to be cast aside as so much rubbish, for without such phrase this intention would have been fully and clearly expressed. The simple

provision that no contract shall be made by an officer of this State or any board or organization existing under the laws of this State or under the laws of any political subdivision thereof, having the expenditure of public funds or moneys provided by appropriation from this State in whole or in part, or raised in whole or in part by taxation under the laws of this State, or of any political subdivision thereof, for the erection or construction of any building or improvement, alteration or repair, until public bids therefor are requested or solicited by advertising as prescribed, without more, would have included beyond question all municipalities—St. Louis along with the rest—without regard to population, and would have been the natural and easy way to do it.

Plaintiff urges in argument that construing the statute as inapplicable of municipalities containing less than 500,000 inhabitants leaves such municipalities without the power to require competitive bidding in the letting of contracts for the construction of public buildings and improvements. But this is a misapprehension. The legislative boards and councils of such municipalities are fully empowered to prescribe by ordinance, as was done in the present case, the manner of letting such contracts, including the requirement of competitive biding, upon such reasonable advertisements as the ordinance may direct. [Thrasher v. City of Kirksville (Mo.), 204 S. W. 804.]

We think defendant was authorized to enter into a valid and binding contract with plaintiff pursuant to its accepted bid, and it is therefore not entitled to recover the deposit made therewith.

The Commissioner recommends that the judgment of the Circuit Court be reversed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the Circuit Court is accordingly reversed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.